# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TALLGRASS TALENT GROUP, LLC,

    Plaintiff,

v.

ADVANTAGE SALES & MARKETING, LLC,

    Defendant.

Case No. 17-2272-JAR-GEB

## MEMORANDUM AND ORDER

This removal action was originally filed by Plaintiff Tallgrass Talent Group, LLC ("Tallgrass") in Johnson County, Kansas District Court. Plaintiff alleges a breach of contract claim for unpaid rent and other expenses under a sublease between itself and Defendant Advantage Sales & Marketing, LLC ("ASM"). Before the Court is Defendant's Motion to Dismiss or Alternatively to Stay (Doc. 3). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion to dismiss.

## I. Background

ASM entered into an Asset Purchase Agreement on August 22, 2014, ("APA") with Plaintiff and other "Sellers" and "Beneficial Owners" (as those terms are defined by the APA).[1] Pursuant to the APA, ASM acquired assets of an international business Plaintiff and other Sellers had operated that provided promotional services for consumer goods suppliers and retailers ("the Business").[2] The APA contains a mandatory forum-selection clause:

> **Section 10.10 Jurisdiction of Courts**. Subject to the dispute resolution mechanics set forth in Section 1.6(b), and

---

[1] Doc. 4-2.

[2] *Id.* § 1.1.

> Section 1.7(a), any Proceeding initiated over any dispute arising out of or relating to this Agreement or any of the transactions contemplated hereby shall be initiated in any federal or state court located within the county of Wilmington, State of Delaware, and the Parties further agree that venue for all such matters shall lie exclusively in those courts. The Parties hereby irrevocably waive, to the fullest extent permitted by applicable Law, any objection that they may now or hereafter have, including any claim of forum non conveniens, to venue in the courts located in Wilmington, Delaware. The Parties agree that a judgment in any such dispute may be enforced in other jurisdictions by Proceedings on the judgment or in any other manner provided by Law.[3]

ASM also entered into a sublease on August 31, 2014, with Tallgrass's predecessor for a 36,000 square-foot building that was owned by an affiliate of Plaintiff's and used by Plaintiff in the Business.[4] The sublease contains a choice-of-law provision specifying that Kansas law governs and should be used to construe the agreement.[5] Plaintiff does not dispute that the sublease was attached as an exhibit to the APA and incorporated into the APA.[6]

In October 2016, ASM filed suit against Tallgrass and others in the Court of Chancery for the State of Delaware, seeking declaratory relief as to disputes under the APA. Tallgrass raised counterclaims. A Scheduling Order was entered in that case on April 21, 2017, setting forth discovery and motion deadlines. The parties dispute the extent to which the Delaware claims and counterclaims overlap with the breach of contract claim on the sublease at issue in this case.

## II. Discussion

Defendant argues that this case should be dismissed under the mandatory forum-selection clause in the APA, which extends to disputes "arising out of or relating to" the Agreement.[7] The

---

[3] *Id.* § 10.10.

[4] Doc. 1-1, Ex. 2.

[5] *Id.* ¶ 20.

[6] *See* Doc. 4-2 §§ 1.1(b), 10.3, 10.10.

[7] *Id.* § 10.10.

forum-selection clause requires any such dispute "to be initiated in any federal or state court located within the county of Wilmington, State of Delaware, and the Parties further agree that venue for all such matters shall lie exclusively in those courts."[8] Under the APA, "Agreement" is defined to include "all Schedules, Annexes and Exhibits hereto, as the same may from time to time be amended, modified, supplemented or restated in accordance with the terms hereof."[9] Plaintiff does not dispute that the sublease at issue in this breach of contract action was attached as an exhibit to the APA, and entered into as part of the APA.

In federal court, "the effect to be given a contractual forum-selection clause in diversity cases is determined by federal not state law. Because questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature, federal law applies in diversity cases irrespective of *Erie Railroad Co. v. Tompkins*."[10] Under federal procedural law, a forum-selection clause is presumptively valid.[11] "Forum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."[12]

The doctrine of *forum non conveniens* is "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court

---

[8]*Id.*

[9]*Id.* § 10.14.

[10]*Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (quoting *Jumara v. State Farm Ins. Co.*, 55 F3d 873, 877 (3d Cir. 1995)); *Herr Indus., Inc. v. CTI Sys., SA*., 112 F. Supp. 3d 1174, 1178 (D. Kan. 2015) (collecting cases and predicting that the Tenth Circuit would apply federal law to determine the enforceability of a forum-selection clause in diversity case).

[11]*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Bowen Eng'g Corp.*, 83 F. Supp. 3d at 1190.

[12]*Riley v. Kingsley Underwriting Ag., Ltd.*, 969 F.3d 953, 957 (10th Cir. 1992).

thinks that jurisdiction ought to be declined."[13] It continues to apply in federal courts "'only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best."[14] *Forum non conveniens* "is a non-merits ground for dismissal."[15] In resisting enforcement of the forum-selection clause, Plaintiff does not dispute that its breach of contract claim falls within the scope of the forum-selection clause. Instead, Plaintiff argues that dismissal is not permitted under *Atlantic Marine Construction Co.*,[16] and that under the doctrine of *forum non conveniens*, this Court should exercise jurisdiction. The Court rejects both arguments.

First, the Court determines that *Atlantic Marine* does not prohibit dismissal as a remedy where the more convenient forum is a state court forum. The Court in *Atlantic Marine* held that a forum-selection clause should not be enforced through a motion to dismiss under Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a), which only govern when venue is improper under 28 U.S.C. § 1391.[17] The Court cautioned that the terms "venue" and "forum" are not interchangeable.[18] The presence of a controlling forum-selection clause does not mean that venue in a particular court is "improper" under 28 U.S.C. § 1406(a) or Rule 12(b)(3), because a forum-selection clause does not invalidate venue if it is otherwise proper under 28 U.S.C. § 1391.[19] Instead, where the forum-selection clause specifies a different federal court forum, it may be enforced

---

[13]*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994)).

[14]*Id.* (quoting *Am. Dredging*, 510 U.S. at 449 n.2).

[15]*Id.* at 432 (quoting *Sinochem*, 436 F.3d 349, 359 (3d Cir. 2006), *rev'd*, 549 U.S. 422 (2007)).

[16]134 S. Ct. 568 (2013).

[17]*Id.* at 577.

[18]*Id.*

[19]*Id.* at 579.

through a motion to transfer under § 1404(a).[20] Where the forum-selection clause specifies a state or foreign forum, it may be enforced through the doctrine of *forum non conveniens*, which requires dismissal if successful.[21] Here, Defendant's motion to dismiss is not based exclusively on Rule 12(b)(3); the motion is also brought under Rule 12(b)(6) and the doctrine of *forum non conveniens*. Thus, if successful, dismissal is the appropriate remedy.[22]

When considering a typical motion based on *forum non conveniens*, the Court would weigh various private and public interest factors to determine whether transfer or dismissal "would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"[23] But the analysis is different where the parties' contract involves a forum-selection clause. The forum-selection clause should be given controlling weight "in all but the most exceptional cases."[24] Plaintiff, as the party opposing the forum-selection clause, bears the burden of establishing that the clause should be ignored.[25] Also, The Court does not consider the traditional private interest factors, but instead should address the public-interest factors only.[26] Plaintiff's burden is to show that the "public-interest factors overwhelmingly disfavor a transfer."[27]

---

[20]*Id.*

[21]*Id.* at 580, 583 n.8 ("when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause[,] . . . dismissal would work no injustice on the plaintiff.").

[22]*See id.* at 580 n.8 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

[23]*Id.* at 581 (quoting 28 U.S.C. § 1404; *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) (discussing relevant factors)).

[24]*Atlantic Marine*, 134 S. Ct. at 581 (quoting *Stewart Org., Inc. v. Richo Corp.*, 487 U.S. 22, 33 (1988)).

[25]*Id.* at 581–82.

[26] *Id.* at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

[27]*Id.* at 583.

Relevant public interest factors are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."[28] Plaintiff argues that these factors weigh in favor of allowing the case to proceed in this Court. First, Plaintiff points to statistics about court congestion in the Delaware federal district court, and press reports about an expected increase in intellectual property case filings, as compared to the District of Kansas. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[29] However, as Defendant points out, the appropriate comparison court in this case is the Delaware Court of Chancery, not Delaware's federal district court, given that the previously-filed, related litigation is already pending in state court.

Next, Plaintiff argues that the State of Kansas has a strong interest resolving this dispute in Kansas because it involves real property located in Kansas, and because Defendant's failure to pay under the sublease affects a Kansas business. Plaintiff also argues Kansas courts are in a better position to apply Kansas law, which will apply under the choice-of-law provision in the sublease. "When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."[30] While it may be true that this Court is more familiar with Kansas law and has some interest in the Kansas business affected by the sublease, the Court has no doubt that a judge in the Delaware Court of Chancery can apply Kansas's relatively straightforward law governing this breach of contract claim. Plaintiff has provided no

---

[28]*Id.* at 581 n.6.

[29]*Navajo Nation v. Urban Outfitters, Inc.,* 918 F. Supp. 2d 1245, 1257 (D.N.M. 2013).

[30]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1170 (10th Cir. 2010).

explanation about how Kansas law may differ from Delaware law as to the relevant issues in this case. Likewise, Plaintiff has pointed to no problem with the enforceability of a judgment issued in Delaware, affecting real property in Kansas. The Court further finds that the public's interest in judicial economy and "litigational convenience" would not be served by ignoring the forum-selection clause that applies to this dispute, given that proceedings in Delaware state court are already in progress.[31]

In sum, even if Plaintiff has demonstrated that there is some public interest in this case being adjudicated in Kansas, it has not satisfied its heavy burden of demonstrating that the public interest factors "overwhelmingly disfavor" litigation of this matter in Delaware—the forum bargained for by the parties when they entered into the APA. This is not an exception case where the Court should ignore the forum-selection clause that applies to this dispute. As such, this case shall be dismissed without prejudice under the doctrine of *forum non conveniens*.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss or Alternatively to Stay (Doc. 3) is **granted**. This case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 18, 2017

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[31]Doc. 4-5.